# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILIP KARTER, *et al.*,

                     Plaintiffs,

vs.

SUNVEST COMMUNITIES USA, LLC, *et al.*,

                     Defendants.

Case No. 2:08-cv-00746-JCM-PAL

**ORDER**

(Mot. Rescind Order - Dkt. #94)

      Before the court is Plaintiff's Motion to Rescind Order of Arbitration and Lift Stay (Dkt. #94). The court has considered the motion, Defendant NRT The Condo Store LLC's response (Dkt. #95), and Plaintiffs' reply (Dkt. #96).

## **BACKGROUND**

      In an order (Dkt. #58) entered November 26, 2008, the undersigned granted Plaintiffs' Motion to Compel Arbitration (Dkt. #41) and denied Countrywide's motion to dismiss claims against it without prejudice. The Court set a status hearing on May 26, 2009, and stayed this case pending the outcome of arbitration between the Plaintiffs and Defendant sellers. Plaintiffs now seek an order rescinding the order compelling arbitration and lifting the stay. Plaintiffs assert the court should rescind the order and ask that the claims against Sunvest and Desert Shores be restored to the court's supervision because the Defendants "have done everything in their power to delay or prevent the arbitration from going forward." Plaintiffs argue the purpose of arbitration is to obtain a speedy and cost-efficient resolution of disputes without the time and expense of court proceedings, and that this purpose can no longer be achieved.

      Plaintiffs have been billed an initial fee of $14,000.00 by the American Arbitration Association ("AAA"), and the arbitrator is being paid by the hour. As a result, every discovery dispute between the

parties adds to the cost of these proceedings.  Plaintiffs claim they will be prejudiced by additional delay and increased costs if the parties' disputes remain in arbitration because Sunvest and Desert Shores have not cooperated in moving the matter toward disposition.  Plaintiffs therefore request that the court restore this case to the court's docket and set a deadline for the parties to conduct a Rule 26(f) conference, make the Rule 26(a) disclosures, and that the court enter a Scheduling Order.

Sunvest and Desert Shores did not file a timely response to the motion,  Defendant The Condo Store filed a response opposing the motion indicating that it timely removed this matter to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332.  After removal, Plaintiffs filed a Motion to Compel Arbitration which the undersigned granted.  Defendant finds it ironic that the Plaintiffs, who vigorously sought to compel arbitration against Sunvest and Desert Shores, now move to rescind the order of arbitration and lift the stay.  The Condo Store is not a signatory to the purchase agreements, and not a party to the arbitration agreement mandated by the court's order.  However, nothing has changed that caused the court to order arbitration and stay this case as an initial matter.  Therefore, the court should deny the motion.

Plaintiffs filed a reply pointing out that the only party objecting to the motion is not a party to the arbitration.  Plaintiffs reiterate that Sunvest and Desert Shores have engaged in conduct that has "hopelessly undermined" the purpose of arbitrating the parties' claims.

## DISCUSSION

Plaintiffs filed a motion to compel Sunvest and Desert Shores to arbitrate September 26, 2008.  It is undisputed that the purchasers and sellers involved in this litigation, now in arbitration, executed identical purchase agreements which contained an arbitration clause requiring any claims, controversies, breaches or disputes between the parties arising out or related to the purchase agreement to be arbitrated pursuant to the Federal Arbitration Act.  Sunvest and Desert Shores initially opposed the Motion to Compel Arbitration arguing that Plaintiffs had waived their right to arbitrate by engaging in acts inconsistent with their right to arbitrate by filing this lawsuit.  However, during oral argument on the hearing on the Motion to Compel Arbitration, counsel for Plaintiffs and counsel for the Defendant sellers indicated the parties had agreed to arbitrate their disputes.  Counsel for Plaintiffs requested that the court stay this action with respect to the claims of the remaining Defendants, which the court

granted over Defendant Countrywide's opposition. Plaintiffs now regret that they moved to compel enforcement of the parties agreement to arbitrate. However, the Federal Arbitration Act ("FAA") creates a strong presumption in favor of enforcing arbitration agreements. Congress enacted the Federal Arbitration Act, 9 U.S.C. § 1-16, to overcome judicial resistance to arbitration. *Buckeye Check Cashing Inc. v. Cardegena*, 526 U.S. 540, 541 (2006). In enacting the FAA, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 466 U.S. 1, 10 (1984). The Supreme Court has also made it clear that arbitration agreements should be rigorously enforced. *Shearson/Am. Express Inc. v. McMahon*, 482 U.S. 220, 226-227 (1987). The Plaintiffs and Defendants Sunvest and Desert Shores have submitted their disputes to arbitration. Plaintiffs cite no legal authority supporting the authority of this court to rescind an order compelling the parties to comply with their agreement to arbitrate. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Rescind Order of Arbitration and Lift Stay (Dkt. #94) is **DENIED.**

Dated this 21st day of July, 2010.

_____
Peggy A. Leen
United States Magistrate Judge