UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHILLIP KARTER, et al.,

        Plaintiffs,

v.

SUNVEST COMMUNITIES USA, LLC, et al.,

        Defendants.

2:08-CV-746 JCM (PAL)

**ORDER**

Presently before the court is the report and recommendation of Magistrate Judge Peggy Leen (doc. # 141) on plaintiffs' motion to lift stay, file amended complaint, amend caption, and substitute parties pursuant to Rule 25© (doc. # 114). Plaintiffs, purchasers of condominium units, filed an objection. (Doc. # 142). Defendants Desert Shores Holdings, LLC and Sunvest Communities, LLC (collectively, "the arbitration defendants")[1] filed a response. (Doc. # 143). Defendants Countrywide Home Loans, Inc. and NRT Development Advisors, LLC joined the arbitration defendants' response. (Docs. # 144 & # 145).

**I.    Procedural background**

The parties and the court are well aware of the facts that underlie this case. Accordingly, the court finds laying out the details of this case's protracted procedural history unnecessary. However,

---

[1] These defendants are given this designation as they are parties to a purchase agreement that contained an arbitration provision requiring any claims, controversies, breaches, or disputes arising out of or related to the purchase agreement to be arbitrated pursuant to the Federal Arbitration Act ("FAA"), 8 U.S.C. § 1 et seq.

**James C. Mahan**
**U.S. District Judge**

a brief summary is adequate.

On June 9, 2008, plaintiffs filed a complaint in state court that was properly removed to this court. The complaint arises out of plaintiffs' purchase of condominium units at the Desert Shores Villas from the arbitration defendants. Plaintiffs entered into nearly identical purchase agreements, which were drafted by the arbitration defendants. Plaintiffs sought to compel arbitration against the arbitration defendants and stay that case against the non-arbitration defendants. (Doc. # 41). The court granted the motion. (Doc. # 58).

On June 21, 2010, plaintiffs sought to rescind the order of arbitration and to lift the stay. (Doc. # 94). The court denied the motion and directed plaintiffs and arbitration defendants to complete arbitration.

On December 8, 2011, this court issued an order to show cause why this case should not be dismissed for plaintiffs' failure to prosecute. (Doc. # 102). The parties responded that arbitration was scheduled for February 20, 2012. (Docs. # 104 & # 105). Arbitration was continued to April 17, 2012, at plaintiffs' request. (Doc. # 110). Before the April arbitration began, plaintiff advised the arbitrator that he had informally asked this court to move the case back into federal court because the arbitration defendants were dissolved and defunct.

On April 12, 2012, the arbitrator suspended arbitration. On April 20, 2012, this court entered an order directing plaintiffs to file an appropriate motion. Plaintiffs then filed a motion to lift stay. (Doc. # 114).

Magistrate Judge Leen entered an order and report of findings and recommendation denying plaintiffs' motion. (Doc. # 141). Plaintiffs have filed the instant objections. (Doc. # 142).

**II.     Legal standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)©; LR IB 3–2(b). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations

**James C. Mahan**
**U.S. District Judge**

- 2 -

made by the magistrate judge. *Id.*

However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'").

**III.  Discussion**

The court limits its analysis to a de novo review of the portions of the report to which objections were made. *See* 28 U.S.C. § 636(b)(1)©.

Plaintiffs' specifically object to (1) Magistrate Judge Leen's conclusion that granting plaintiffs' motion would result in "starting entirely over" and (2) Magistrate Judge Leen's conclusion that the delays in the case, to the extent caused by plaintiffs, prejudiced defendants.

      **A.**     **Granting the motion would result in "starting entirely over"**

Magistrate Judge Leen found that to grant plaintiffs' motion to lift stay, would be:

> in essence, to completely start over, dropping the Arbitration Defendants as parties to this litigation, while at the same time litigating whether Plaintiffs can prove any claims against them. Plaintiffs also seek an order substituting six individual principals who are alleged to stand in the shoes of the Arbitration Defendants which Plaintiffs claim they no longer intend to pursue.

(Doc. # 141, 21:15-19). The magistrate judge also found that this substitution will make the case "more complex and time consuming as Plaintiffs attempt to prove that the six individual proposed Defendants are responsible for the Arbitration Defendants' as yet unproven liability." (Doc. # 141, 15:8-10).

Plaintiffs argue that they have gathered evidence sufficient to establish their claim, leaving only a requirement to prove consequential damages from the arbitration defendants' violation of Nevada law. (Doc. # 2:27-3:2).

1   The court finds plaintiffs' argument unconvincing. Magistrate Judge Leen found that substituting new defendants for defendants whose liability had yet to be proven would result in essentially starting the case over. The court agrees.

Plaintiffs' objection does little to dissuade the court from this conclusion. Plaintiffs still have the burden of establishing liability against the arbitration defendants, regardless of whether plaintiffs believe that they have sufficient evidence to satisfy this burden. Further, even if plaintiffs have sufficient evidence to bring a claim against the arbitration defendants, that does not address *any* basis of liability against the six proposed individual defendants.

Attempting to bring in new defendants on an unproven theory of liability, to a case that has been pending on this court's docket for *more than 4 ½ years*, is neither expeditious nor a wise use of this court's limited resources.

### B.   Plaintiffs caused delays that have prejudiced defendants

Magistrate Judge Leen found that plaintiffs failed to diligently prosecute this case through arbitration. Plaintiffs contend that this conclusion is based on an erroneous assumption that plaintiffs were not prepared to arbitrate. Plaintiffs explain that, in reality, it was not their lack of preparedness, but instead their *unwillingness* to arbitrate against a defunct defendant that caused the delay.

The court finds the purported reason for the delay to be inconsequential to the magistrate judge's conclusion that defendants were prejudiced by the delay. Magistrate Judge Leen addressed plaintiffs' failure to arbitrate stating

> both the Arbitration Defendants, and the non-Arbitration Defendants have been prejudiced by this more than four year delay . . . The non-Arbitration Defendants have been prejudiced by the uncertainty of this stayed federal litigation pending against them for more than four years. [(citation omitted)] . . . [And] Plaintiffs' failure to arbitrate against the Arbitration Defendants has delayed prosecution of Plaintiffs' claims against the non-Arbitration Defendants.

(Doc. # 141, 20:11-21).

The court finds that regardless of plaintiffs' motive for the delay, their dilatoriness impaired

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  defendants' ability to proceed to arbitration, which constitutes "prejudice." *See Pagtalunan v.*
2  *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted) ("To prove prejudice, a defendant must
3  establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to
4  interfere with the rightful decision of the case."). Further, plaintiffs' delay has increased the costs
5  of litigation for defendants who have made filings in this case, even during the pendency of the
6  never-commenced arbitration proceedings.

7      Further, the court finds that plaintiffs' belief that "relatively little of this Court's resources
8  have been expended," (doc. # 142, 7:6-8), to be shortsighted. Every time the court held a status
9  conference, entered an order in this case, or held a hearing, the court expended judicial resources in
10 attempts to move this case towards a final resolution. To discount this court's attention to this case
11 is not only inaccurate, but also imprudent.

12     Lastly, the court finds plaintiffs' reliance on another case in this district to be misplaced. The
13 number of docket entries in another case also filed in 2008 has *no bearing* on this court's estimation
14 of judicial efficacy in *this* case. To give any weight to this argument would misconstrue the issue at
15 hand–that is–whether defendants in this action have been prejudiced. And the court finds that they
16 have.

17 **IV.    Conclusion**

18     After having conducted a de novo review of those portions of the report objected to,

19     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Leen's
20 report and recommendation denying plaintiffs' motion to lift stay, file amended complaint, amend
21 caption, and substitute parties pursuant to Rule 25© (doc. # 141) be, and the same hereby is,
22 ADOPTED in its entirety, to the extent that it is not inconsistent with this order.

23     IT IS FURTHER ORDERED that plaintiffs' motion to lift stay, file amended complaint,
24 amend caption, and substitute parties pursuant to Rule 25© (doc. # 114) be, and the same hereby is,
25 DENIED.

26     IT IS FURTHER ORDERED that plaintiffs' case be dismissed without prejudice.

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that the clerk of the court close the case.

DATED January 3, 2013.

_____
UNITED STATES DISTRICT JUDGE